UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

OMNI CONSULTING GROUP, INC.,

                Plaintiff,

                                          **DECISION AND ORDER**
                                                 01-CV-511A

    v.

MARINA CONSULTING, INC. and
PILGRIM'S PRIDE CORP.,

                Defendants.

---

       Pending before the Court are motions by plaintiff Omni Consulting Group, Inc. for attorney fees and costs and a bill of costs (Dkt. Nos. 222, 225). Plaintiff filed these motions following the Court's Decision and Order of January 7, 2011 (Dkt. No. 221) awarding plaintiff a total of $396,892.06 in damages on its claim against both defendants for breach of contract. Plaintiff seeks costs and fees under Rule 54(d) of the Federal Rules of Civil Procedure ("FRCP") and 28 U.S.C. § 1920, as well as under identical provisions in the contracts that it had with each defendant awarding costs and fees to the prevailing party in any legal proceedings. (*See* Pl. Ex. 1A ¶ 10 ("Should either party deem it necessary to institute or defend legal proceedings arising out of the terms hereof, the prevailing party therein shall be entitled to recover from the non-prevailing party all court costs and attorneys fees incurred, including such fees and costs at all trial and

appellate levels."); Pl. Ex. 2A ¶ 12 (same).)  For brevity, the Court will assume familiarity with the prior Decision and Order and its underlying facts.

Defendant Marina Consulting, Inc. is in default and did not respond to plaintiff's motions.  Defendant Pilgrim's Pride Corp. ("Pilgrim") offers several arguments in opposition to the payments that plaintiff has requested.  Pilgrim does not deny the existence and the validity of the contractual fee-shifting provisions that plaintiff has cited.  Nonetheless, Pilgrim contends that plaintiff has not provided enough information about the credentials of the attorneys who billed time and what their hourly rates were.  Pilgrim contends that attorney fees in this case should not exceed the judgment itself, and should not include vague time entries and time entries that suggest double billing.   Pilgrim contends that the documentation that plaintiff has attached to its proposed bill of costs supports an amount slightly lower than what plaintiff has requested.  Finally, Pilgrim contends that any fees and costs awarded to plaintiff should be apportioned against both defendants and not just Pilgrim, since the time entries that plaintiff has submitted indicate time spent litigating against both defendants.

The Court has deemed the motions submitted on papers pursuant to FRCP 78(b).

The Court first will address plaintiff's motion for attorney fees and costs in the amount of $317,800.26.  The Second Circuit has revisited case law governing attorney fee calculations and explained that

> In [*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008)], we undertook to simplify the complexities surrounding attorney's fees awards that had accumulated over time under the traditional "lodestar" approach to attorney's fees (the product of the attorney's usual hourly rate and the number of hours worked, which could then be adjusted by the court to set "the reasonable fee"), and the separate "*Johnson*" approach (a one-step inquiry that considered twelve specified factors to establish a reasonable fee). 493 F.3d at 114. Relying on the substance of both approaches, we set forth a standard that we termed the "presumptively reasonable fee." *Id.* at 118. We directed district courts, in calculating the presumptively reasonable fee, "to bear in mind all of the *case-specific variables* that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Id.* at 117 (emphasis in original). The presumptively reasonable fee boils down to "what a reasonable, paying client would be willing to pay," given that such a party wishes "to spend the minimum necessary to litigate the case effectively." *Id.* at 112, 118.

*Simmons v. N.Y. Trans. Auth.*, 575 F.3d 170, 174 (2d Cir. 2009).

In reviewing plaintiff's motion and its associated billing records, the Court finds that two corrections are necessary. First, the highest hourly rate currently awarded in this District is $240 for partners. *See, e.g., N.Y. Life Ins. Co. v. Hassan*, No. 09-CV-1075, 2010 WL 3070091, at *3 (W.D.N.Y. Aug. 4, 2010) (Arcara, *J.*) (citing $240 as the highest current hourly rate). Second, the Court is concerned about the level of detail provided to substantiate counsel's billing entries. "[A]ny attorney—whether a private practitioner or an employee of a nonprofit law office—who applies for court-ordered compensation in this Circuit for work done after the date of this opinion must document the application with contemporaneous time records. These records should specify, for each attorney,

3

the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Here, plaintiff's itemization includes numerous entries about unspecified conferences, telephone calls, e-mail correspondence, and "reviews." These entries at times appear somewhat repetitive, and they do not make clear how the time described advanced the case through discovery and to trial. Even the more self-evident entries like "conduct depositions of Texas salespersons" or "prepare for oral argument" do not identify which witnesses or motions were involved, and thus are very cryptic about why counsel did what they did. *Cf. Sabatini v. Corning-Painted Post Area Sch. Dist.*, 190 F. Supp. 2d 509, 522 (W.D.N.Y. 2001) (Larimer, *C.J.*) (finding as inadequate billing entries like "hearing preparation," "prepare for hearing," "review records," "telephone conference with client," and "prepare for discovery"). A reduction in the fees claimed is appropriate under these circumstances, but because "it is unrealistic to expect a trial judge to evaluate and rule on every entry in an application," *Walker v. Coughlin*, 909 F. Supp. 872, 881 (W.D.N.Y. 1995) (Larimer, *J.*) (internal quotation marks and citations omitted), the Court finds that a 35% across-the-board reduction in requested fees is appropriate. *See Disabled Patriots of America, Inc. v. Niagara Group Hotels, LLC*, 688 F. Supp. 2d 216, 227 (W.D.N.Y. 2010) (Skretny, *C.J.*) (applying percentage reduction) (citing *Sabatini*). The adjusted award for attorney fees and costs thus amounts to $206,570.17; defendants will be liable for this amount

4

jointly and severally. *Cf., e.g., DLJ Mortg. Capital, Inc. v. Sunset Direct Lending, LLC*, No. 07 Civ. 1418, 2008 WL 4489786, at *3 (S.D.N.Y. Oct. 6, 2008) (assessing attorney fees and costs jointly and severally); *Goldberg v. Blue Ridge Farms, Inc.*, No. CV-04-5098, 2005 WL 1796116, at *2 (E.D.N.Y. July 26, 2005) ("Where both defendants are liable on identical theories of liability and the dispute centers around the same facts, joint and several liability for attorneys' fees is reasonable and appropriate.").

Next, the Court will address plaintiff's motion for a bill of costs. "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FRCP 54(d)(1); *see also* 28 U.S.C. § 1920 ("A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; [and] (5) Docket fees under section 1923 of this title."). Here, plaintiff has submitted a bill of costs in the amount of $6,007.54. The Court, however, has added the amounts reflected in the documentation accompanying the bill of costs. These amounts total $5,802.54. Accordingly, the Court will grant plaintiff's motion and award costs in

that amount; as with attorney fees, defendants will be jointly and severally liable for the bill of costs.

## CONCLUSION

For the reasons above, the Court grants plaintiff's motion for attorney fees and costs (Dkt. No. 222) and awards $206,570.17. The Court also grants plaintiff's motion for a bill of costs (Dkt. No. 225) and awards $5,802.54. The total amount awarded to plaintiff under both motions is $212,372.71, for which both defendants will be jointly and severally liable.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: March 2, 2011